## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

LANDMARK AMERICAN INSURANCE COMPANY,

      Plaintiff,

vs.

TEC SERV, LLC, BILFINGER INDUSTRIAL SERVICES, INC., formerly known as BIS Frucon Industrial Services, Inc. and CITY OF TALLAHASSEE,

      Defendants.

_____/

Case No. 4:14-cv-00615-MW-CAS

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TEC SERV, LLC**

.
    Defendant Tec Serv, LLC. responds to Plaintiffs Complaint for Declaratory Judgment as follows:

    1. Paragraph 1 states no allegations requiring a responsive pleading. To the extent a responsive pleading is required, Defendant denies the allegations of Paragraph 1.

    2. Defendant denies that Plaintiff has no duty to indemnify or defend Defendant Tec Serv, LLC, under the policy at issue.

    3. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph. Those allegations are therefore denied.

    4. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph. Those allegations are therefore denied.

    5. Defendant admits the allegations in paragraph 5.

    6. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph. Those allegations are therefore denied.

7. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore denies them.

8. Paragraph 8 states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies them.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and therefore denies them.

10. Paragraph 10 states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits that Paragraph 14 accurately quotes a portion of the complaint (the "Tallahassee Complaint") filed by City of Tallahassee against BIS and TEC SERV, LLC, Case No. 2013-CA-2155 in the Circuit Court for the Second Judicial Circuit in and for Leon County Florida (the "Underlying Litigation"). Except as expressly admitted, Defendant denies the allegations of Paragraph 14.

15. Defendant admits that Paragraph 15 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 15.

16. Defendant admits that Paragraph 16 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 16.

17. Defendant admits that Paragraph 17 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 17.

18. Defendant admits that Paragraph 18 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Paragraph 19 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 19.

20. Defendant admits that Paragraph 20 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 20.

21. Defendant admits that Paragraph 21 accurately quotes a portion of the Tallahassee Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 21.

22. Misleadingly quoted out of context, therefore denied.

23. Defendant admits that Paragraph 23 accurately quotes a portion of the Circuit Court Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 23.

24. Defendant admits that Paragraph 24 accurately quotes a portion of the complaint (the "Tallahassee Complaint") filed by City of Tallahassee against BIS and TEC SERV, LLC, Case No. 2013-CA-2155 in the Circuit Court for the Second Judicial Circuit in and for Leon County Florida (the "Underlying Litigation"). Except as expressly admitted, Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 states a legal conclusion as to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Paragraph 28 states a legal conclusion as to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 28.

29. Defendant admits that Paragraph 29 accurately quotes a portion of the "Policy" (as defined in the Complaint). Except as expressly admitted, Defendant denies the allegations of Paragraph 29.

30. Defendant admits that Paragraph 30 accurately quotes a portion of the "Policy" (as defined in the Complaint) but denies relevance of Part II Exclusions. Except as expressly admitted, Defendant denies the allegations of Paragraph 30.

31. Defendant admits that Paragraph 31 accurately quotes a portion of the "Policy" (as defined in the Complaint). Except as expressly admitted, Defendant denies the allegations of Paragraph 31.

32. Defendant re-alleges and incorporates by reference its responses in Paragraphs 1 through 31 above.

33. Defendant denies the allegations set forth in Paragraph 33.

34. Defendant denies the allegations set forth in Paragraph 34.

35. Defendant denies the allegations set forth in Paragraph 35.

36. Defendant denies the allegations set forth in Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37.

38. Defendant denies the allegations set forth in Paragraph 38.

39. Defendant re-alleges and incorporates by reference its responses in Paragraphs 1 through 38 above.

40. Defendant admits that the City of Tallahassee is a putative third-party beneficiary of any insurance policy providing coverage concerning Defendant's design, construction, installation or other activities concerning the above ground storage tank located at the Hopkins power plant.

41. Defendant denies the allegations set forth in Paragraph 41.

42. Defendant denies the allegations set forth in Paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Subject to and without waiving the above responses and defenses, the Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Subject to and without waiving the above responses and defenses, the claims of the Plaintiff are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Subject to and without waiving the above responses and defenses, the claims of the Plaintiff are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Subject to and without waiving the above responses and defenses, the claims of the Plaintiff are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Subject to and without waiving the above responses and defenses, the claims of the Plaintiff are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for which relief may be granted.  The Circuit Court Complaint claims that Defendant owes the City of Tallahassee a duty of reasonable care, both

directly in Count V and by way of a third party beneficiary contract in Count VI.  The exact same three breaches are alleged in both counts, two of which are clear allegations of negligence, to wit:

a. Failing to adequately design the improvements to Tank #4, an allegation of professional negligence for which Plaintiff is required to indemnify and defend Defendant pursuant to its insurance policy.

b. Failing to utilize proper and adequate materials for the work on Tank #4, an allegation of professional negligence for which Plaintiff is required to indemnify and defend Defendant pursuant to its insurance policy.

c. Failing to properly perform the work on Tank #4, which allegation goes to workmanship and warranty, although discovery thus far clearly shows no substance to any such claim.

WHEREFORE, Defendant respectfully prays to the Court for the following relief:

1)  That the Court determines the rights and duties of the parties under the subject policies of insurance issued by Plaintiff;

2)  That the Court declare the subject policies and insurance do provide coverage to BIS or TEC SERV, LLC for the claims asserted in the underlying litigation;

3)  That Plaintiff has and had an obligation to defend or indemnify Defendants in the Underlying Litigation;

4)  That the costs of this action be taxed to parties other than Defendant; and

5)  For such other and further relief this Court deems as just and proper.

      */s/ Jeffrey M. Siskind*
      Jeffrey M. Siskind, Esquire
      FBN 138746
      525 S. Flagler Drive, Suite 500
      West Palm Beach, FL 33401
      TEL (561)832-7720
      FAX (561)832-7668
      e-mail: jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was presented to the Clerk of the Court for filing and uploading to the CM/ECF system and distribution to all parties, on this 5th day of February, 2015.

                                              */s/ Jeffrey M. Siskind*
                                              Jeffrey M. Siskind, Esquire
                                              FBN 138746